[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 04-15270
_____

D.C. Docket No. 02-23207-CV-SH

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 10, 2005
THOMAS K. KAHN
CLERK

SERGIO POSADA,

Plaintiff-Appellant,

versus

JAMES CELLO, INC.,
JAMES PANICELLO,

Defendants-Appellees.

_____

Appeal from the United States District Court for the
Southern District of Florida
_____

(June 10, 2005)

Before ANDERSON, BIRCH and BARKETT, Circuit Judges.

PER CURIAM:

Sergio Posada appeals the district court's order granting summary judgment

in favor of James Cello, Inc. ("Cello") and James Panicello ("Panicello") in his

lawsuit alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., and retaliatory discharge pursuant to Florida Statute ("FS") § 440.205. Posada alleges on appeal that the district court erred in granting summary judgment as to each of his claims.

In the district court, Cello presented copies of the fronts of time cards purporting to show that Posada worked for the company from June 2001 until May 2002. James Panicello testified consistently with the time cards and stated that Posada never worked overtime for Cello. He testified that in May 2002 the company learned that Posada had provided a false social security card, and that Posada left Cello and did not return to work after being confronted with the issue. Panicello was unaware that Posada was injured on the job.

Posada and his supervisor, Elias Tobchi, each testified that Posada worked overtime hours for which he either was not compensated or was not compensated at an overtime rate. They also both testified that Posada's overtime hours were recorded on the backs of the time cards,[1] and that Posada worked at Cello until August or September of 2002, but was paid "under the table" after May 2002. They testified that Posada injured his hand on the job in September 2002, and that

---

[1] The original time cards had been misplaced by Cello until subsequent to the summary judgment hearing, and they were not considered by the district court. The original time cards are not present with the record on appeal.

he informed Cello of the injury and asked for medical treatment. Finally, Posada and Tobchi testified that Cello terminated Posada's employment several weeks after the injury.

## I. Fair Labor Standards Act Claim

Posada argues that the district court erred by finding that he produced insufficient evidence to support his claim for overtime compensation. He cites the following as evidence sufficient to survive a motion for summary judgment on this claim: (1) the copies of the time cards did not reflect the overtime hours that Posada and Tobchi testified were recorded on the back; and (2) Posada and Tobchi testified that Posada worked overtime hours for which he was sometimes paid cash at a rate of straight pay, and for which he was sometimes not paid.

We review "de novo a district court's grant of summary judgment, applying the same legal standards as the district court." Chapman v. AI Transp., 229 F.3d 1012, 1023 (11th Cir. 2000) (en banc). A court shall grant summary judgment when the evidence before it shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Rule 56 mandates the entry of summary judgment, upon motion, against a party who fails to make a showing sufficient to establish an element essential to his case on which he bears the burden of proof at trial.

Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). "In making this determination, the court must view all evidence and make all reasonable inferences in favor of the party opposing summary judgment." Haves v. City of Miami, 52 F.3d 918, 921 (11th Cir. 1995). In evaluating a motion for summary judgment, the judge's role is not to weigh the evidence or to assess credibility, but to determine whether there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251,106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). "Sufficient" evidence is that which is more than "merely colorable" and is "significantly probative." Liberty Lobby, 477 U.S. at 250-51, 106 S.Ct. at 2511. The FSLA requires that employers compensate covered employees for hours worked in excess of forty per week at one and one half times their regular pay rate. 29 U.S.C. § 207(a)(1).

In granting the motion for summary judgment, the district court relied upon Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687, 66 S.Ct. 1187, 1192, 90 L.Ed. 1515 (1946). In that case, the Supreme Court held that the employee bears the initial burden to show the amount of hours worked, which is most easily met by securing the production of the employer's records. Mt. Clemens Pottery Co., 328 U.S. at 687-88. If the employer has not kept adequate time records, the employee must either offer convincing substitutes or otherwise prove that he has

4

in fact performed work for which he was improperly compensated, such as by producing sufficient evidence of the amount and extent of that work as a matter of just and reasonable inference. Id.

In the context of summary judgment, the district court's finding that the records were accurate, as a matter of law, is contradicted by the record. Posada and Tobchi's testimony constituted evidence sufficient to raise a factual issue as to whether Posada actually worked overtime hours for which he was not properly compensated. The requirement of Rule 56 to produce evidence sufficient to create a genuine issue of material fact was therefore met. Accordingly, we vacate and remand as to the FLSA claim.

## II. Florida Retaliation Claim

Posada argues on appeal that the temporal proximity between his request for worker's compensation benefits and the alleged termination of his employment established a prima facie case. He argues that the district court improperly applied FS § 440.205, and that Tobchi's and his testimony adequately supported his claim to overcome a grant of summary judgment.

Florida Statute § 440.205 provides that: "No employer shall discharge, threaten to discharge, intimidate, or coerce any employee by reason of such employee's valid claim for compensation or attempt to claim compensation under

the Workers' Compensation Law." F.S.A. § 440.25. The express terms of the statute provide that claiming or attempting to claim worker's compensation benefits constitutes a protected activity. F.S.A.§ 440.25; see Clover v. Total System Services, Inc., 176 F.3d 1346 (11th Cir. 1999).

In an retaliatory discharge context, a plaintiff may use a showing of "close" temporal proximity between the protected expression and the adverse employment action to establish causation. Higdon v. Jackson, 393 F.3d 1211, 1220 (11th Cir. 2004)(reviewing temporal proximity in the context of a retaliation claim brought pursuant to the Americans with Disabilities Act of 1990, § 503(a), 42 U.S.C.A. § 12203(a)). We have held that a period of as much as one month between the protected expression and the adverse action is not too protracted to establish a prima facie claim of retaliation. Higdon, 393 F.3d. at 1220.

Posada presented testimony that, while employed by Cello, he requested worker's compensation benefits for an on-the-job injury that occurred on or about September 16, 2002. He also presented testimony that his employment was terminated in late September or early October 2002 after he requested worker's compensation benefits. This testimony was a basis upon which a jury might find that Cello was aware of his injury, and that it discharged him based, in whole or in part, upon his request for worker's compensation benefits. The record reflects

6

other contradictory facts: that Cello later denied employing Posada after May 2002; that it paid him cash upon notification of his injury but otherwise declined to provide him with the name of its worker's compensation physician; and that one of its employees (Tobchi) suggested that Posada misrepresent the nature of his injury to medical authorities, ostensibly for reasons related to Posada's inaccurate social security number.

Upon review of the record, we find dispute as to the circumstances of Posada's termination such that summary judgment on this claim was inappropriate. Accordingly, we vacate and remand the district court's grant of summary judgment as to the retaliation claim.

**VACATED AND REMANDED**.[2]

---

[2] Cello's request for sanctions is denied. Posada's request for oral argument is denied.